**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                        No. 96-4822

SHENITA BANKS,
Defendant-Appellee.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 96-4836

SHENITA BANKS,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-95-64)

Argued: October 1, 1997

Decided: December 2, 1997

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
MAGILL, Senior Circuit Judge of the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

_____

Affirmed in part, reversed in part, and remanded by published opin-
ion. Senior Judge Magill wrote the opinion, in which Judge Murnag-
han and Judge Niemeyer joined.

_____

**COUNSEL**

**ARGUED:** William Graham Otis, Senior Litigation Counsel, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant. David Preston Baugh, Richmond, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant.

_____

**OPINION**

MAGILL, Senior Circuit Judge:

Shenita Banks was convicted in the United States District Court for the Eastern District of Virginia of conspiring to distribute in excess of fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (1994). Although the United States Sentencing Guidelines called for a sentencing range of 292 to 365 months imprisonment for Banks's crime, the district court sentenced Banks to only 133 months imprisonment. The district court departed downward solely because the Sentencing Guidelines treated crimes involving crack cocaine more harshly than crimes involving like amounts of cocaine powder. The government now appeals the district court's downward departure. We reverse.

I.

Albert Betemit, Banks's co-defendant who is pursuing a separate appeal, was the leader of a cocaine distribution network. From 1987 until 1993, Betemit and his group peddled cocaine in a variety of communities in Virginia, including Norfolk, Newport News, Hampton, and Richmond, and also sold cocaine in Columbia, South Carolina. To obtain the drugs, the group would take guns to New York City and trade the firearms for cocaine. While Betemit and his group initially dealt only in cocaine powder, by 1991 the group dealt exclusively with crack cocaine.

Shenita Banks, who dated Betemit, became involved in the conspiracy in October 1991. In addition to traveling to New York some

2

ten to fifteen times to obtain cocaine, Banks also stored guns and large sums of money for Betemit at her Newport News apartment. Banks made deliveries of large amounts of cash to Betemit, and, on at least two occasions, possessed a handgun in her car.

The drug dealing enterprise began to unravel in March 1992, when several co-conspirators were found in possession of large amounts of cocaine. Shortly after the co-conspirators were arrested, Betemit ordered Banks and another co-conspirator to remove all evidence of illegal activity from Banks's apartment. Banks complied with this order, and removed what she suspected was cocaine residue from her kitchen counters.

Banks was indicted on August 1, 1995, on one count of conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846, and on two counts of using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), (2) (1994). Banks pled not guilty to the charges. Following a jury trial, Banks was convicted on November 20, 1995, on one count of conspiring to distribute crack cocaine and on one count of possessing a firearm in relation to a drug trafficking crime. On February 7, 1996, the district court dismissed Banks's conviction for possession of a firearm. Banks's sentence was based only on her conviction for conspiring to distribute crack cocaine.

For sentencing purposes, Banks was found to have been involved with at least 1.5 kilograms of crack cocaine. This quantity resulted in an offense level of 38. See U.S.S.G. § 2D1.1(c)(1) (1995) (drug quantity table). In addition, Banks was assessed a two-point enhancement for possessing a dangerous weapon. See U.S.S.G. § 2D1.1(b)(1) (1995). With a total offense level of 40 and a criminal history category of I, the Sentencing Guidelines provided a range for sentencing of 292 to 365 months imprisonment.

At sentencing, the district court addressed Banks and stated that

> the record here is clear that your involvement was far from just an innocent and accidental involvement. And accordingly, the fact is that you were involved in the transporting of a great quantity of narcotics. You were involved in han-

3

dling a good bit of money. You were involved in storing guns and had guns in your car.

Sent. Tr. at 256-57, reprinted in J.A. at 402-03. Despite these findings, however, the district court departed downward from the Sentencing Guidelines' range, and imposed a sentence of 133 months, with 13 months credit for presentencing confinement.

In departing downward in its sentencing, the district court noted the disparity in the Sentencing Guidelines in the treatment of crack cocaine offenses and cocaine powder offenses, see U.S.S.G. § 2D1.1(c)(1) (1.5 kilograms of cocaine base results in same base offense level as 150 kilograms of powder cocaine), the Sentencing Commission's recent efforts to change that disparity in treatment, see United States Sentencing Commission, Special Report to the Congress: Cocaine and Federal Sentencing Policy xiv (1995) (describing Commission's findings); 60 Fed. Reg. 25,074, 25,075-76 (May 10, 1995) (proposed amendments to Sentencing Guidelines), and Congress's rejection of those efforts. See Pub. L. No. 104-38, 109 Stat. 334 (1995). After distinguishing a number of cases from this Court, the district court specifically adopted the reasoning presented by Judge Wald in her dissent in United States v. Anderson, 82 F.3d 436, 445-50 (D.C. Cir.) (Wald, J., dissenting), cert. denied, 117 S. Ct. 375 (1996), that 18 U.S.C. § 3553(a)(2) (1994) allows a downward departure even in the absence of atypicality under U.S.S.G. § 5K2.0, comment. (1995). See Sent. Tr. at 209-10, reprinted in J.A. at 354-55 ("However, I believe, and I will adopt the rule as announced by Judge Wal[d] in her dissenting opinion, I believe, that a downward departure is appropriate for the reasons she stated there. I could not state it any more completely or any more effectively, and I adopt it and hereby incorporate it by reference in this opinion . . . ."); Sent. Tr. at 250, reprinted in J.A. at 396 ("I believe the District Court is authorized to disregard the atypical requirement, and though it should proceed cautiously in this largely unchartered terrain, to grant a departure if it determines that the application of crack guidelines to the case before it will, in fact, plainly violate [28 U.S.C.§ 3553(a)(2)].").

The government now appeals the district court's downward departure in sentencing. In a cross-appeal, Banks contends that the district court erred in holding that the Sentencing Guidelines' disparate treat-

4

ment of crack cocaine offenders and cocaine powder offenders does not violate the constitution. See Sent. Tr. at 182, reprinted in J.A. at 326 ("I believe that it is proper to consider the method of ingestion, the method of use, the effects of the substance, the method of packaging, the method of distribution [of crack cocaine and cocaine powder] in determining whether there is a [rational] basis for contending that the discrepancy [between crack cocaine and cocaine powder] is an arbitrary and capricious one. And I do not believe that there is a due process violation because the record shows a basis which, although I might as a finder of fact conclude otherwise and the Congress could, in fact, make a distinction on that basis without it being arbitrary, and so a due process challenge will fail.").[1]

## II.

The government contends that the district court erred in granting Banks a downward departure in sentencing. We agree.

We generally review the district court's sentencing departure for an abuse of discretion. See United States v. Perkins, 108 F.3d 512, 515 (4th Cir. 1997). However, "`whether a factor is a permissible basis for departure under any circumstances is a question of law, and the court of appeals need not defer to the district court's resolution of the point.'" Id. (quoting Koon v. United States, 116 S. Ct. 2035, 2047 (1996)). In conducting our review, we bear in mind that "[t]he purpose of the Sentencing Guidelines is to avoid reducing sentencing to

_____

[1] The government has moved to dismiss Banks's cross-appeal, see Appellant's Reply Br. at 5-7 & n.2, on the ground that Banks seeks only to affirm the district court's sentence on alternative grounds. We deny this motion. If Banks had been sentenced for 1.5 kilograms of cocaine powder, rather than crack cocaine, her base offense level would have been 26, see U.S.S.G. § 2D1.1(c)(7) (1995), for a total offense level of 28. The Sentencing Guidelines' range for a Category I offender at offense level 28 is 78 to 97 months, or a maximum of three years less than the sentence Banks received from the district court. Accordingly, the government's characterization of Banks's argument that the Sentencing Guidelines' disparate treatment of crack cocaine and cocaine powder is unconstitutional as one of affirmance on alternative grounds is incorrect.

5

a game of chance in which the length of the sentence is determined by the draw of the judge." Id. (quotations omitted). Therefore, a district court may not grant a downward departure from the "applicable Guidelines range based [only] on its own sense of justice." Id.

Chapter five part K of the Sentencing Guidelines governs departures in sentencing from the range otherwise provided by the Guidelines. See U.S.S.G. §§ 5K1.1-2.18 (1995). While most of part 5K's subsections deal with specific circumstances enumerated by the Sentencing Commission, none of which have been implicated in the instant case, U.S.S.G. § 5K2.0 is a "catch-all" provision allowing departure where "there exists aggravating or mitigating circumstance[s] of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0 (policy statement) (1995) (quotations omitted). The commentary to this section clarifies that:

> In the absence of a characteristic or circumstance that distinguishes a case as sufficiently atypical to warrant a sentence different from that called for under the guidelines, a sentence outside the guideline range is not authorized. See 18 U.S.C. § 3553(b).

U.S.S.G. § 5K2.0, comment.**2** Unless contrary to federal law, see

_____

**2** 18 U.S.C. § 3553(b) (1994) provides:

> The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described . In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other

6

Stinson v. United States, 508 U.S. 36, 45 (1993), such a commentary is binding on the district court and limits its discretion accordingly. See Williams v. United States, 503 U.S. 193, 201 (1992) ("Where, as here, a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable Guideline.").

In the instant case, the district court did not find that there were any circumstances present that were "sufficiently atypical to warrant a sentence" outside the Guidelines' range. U.S.S.G. § 5K2.0, comment. Indeed, the only "circumstance" identified is that Banks would have received a lesser sentence had she been convicted of an offense involving the same quantity of cocaine powder rather than crack cocaine, a circumstance mandated by the Sentencing Guidelines themselves. Accordingly, the district court necessarily abused its discretion in deviating from the Sentencing Guidelines' range unless the commentary to § 5K2.0 is contrary to federal law. See U.S.S.G. § 5K2.0, comment. (unless atypicality exists,"a sentence outside the guideline range is not authorized" (emphasis added)).

The district court, by incorporating Judge Wald's dissent in Anderson, held that adhering to the atypicality requirement in the commentary to § 5K2.0 would have violated 18 U.S.C. § 3553(a)(2). See Sent. Tr. at 250-51, reprinted in J.A. at 396-97; cf. Anderson, 82 F.3d at 445. Section 3553(a) provides that, in sentencing a criminal defendant, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in para-

_____

than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.

(emphasis added). 18 U.S.C. § 3553(a)(4) (1994) provides that a sentence should reflect "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced . . . ."

7

graph (2) of this subsection." 18 U.S.C. § 3553(a) (1994). These purposes include "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . ." 18 U.S.C. § 3553(a)(2)(A). Because the Sentencing Commission concluded that the substantially harsher penalties for crack cocaine offenses than for cocaine powder offenses was unwarranted, and because the Sentencing Commission recommended reducing the punishment for crack cocaine offenses, Judge Wald in her <u>Anderson</u> dissent and the district court in the instant case concluded that imposing a Sentencing Guidelines' range sentence for a crack cocaine offense represents a punishment "`greater than necessary . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . .'" <u>Anderson</u>, 82 F.3d at 447 (quoting 18 U.S.C. § 3553(a)(2)); <u>see also</u> Sent. Tr. at 250-51, <u>reprinted in</u> J.A. at 396-97.**3**

We reject this conclusion. 18 U.S.C. § 3553 (1994) is clear that a district court <u>must</u> adhere to the Sentencing Guidelines <u>unless</u> the sentencing court finds specific circumstances not present in this case. <u>See</u> 18 U.S.C. § 3553(b) ("The court <u>shall</u> impose a sentence of the kind, and within the range [provided by the Sentencing Guidelines] <u>unless</u> the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." (emphasis added)). Section § 3553(a) does not authorize a district

_____

**3** The majority in <u>United States v. Anderson</u>, 82 F.3d 436 (D.C. Cir.), <u>cert. denied</u>, 117 S. Ct. 375 (1996), held that the Sentencing Commission's conclusions and recommendations regarding the Sentencing Guidelines' disparate treatment of crack cocaine and cocaine powder did not constitute an "inadequate consideration" for purposes of a departure under 18 U.S.C. § 3553(b). While noting "a few problems" with the dissent's analysis, the <u>Anderson</u> majority declined to consider the issue presented in the instant case "[b]ecause the issue was not raised by appellants" in that case. <u>See id.</u> at 441. This Court has also concluded that the Sentencing Commission's <u>Special Report</u> and proposed amendments to the Guidelines did not allow a downward departure under 18 U.S.C. § 3553(b), and cited <u>Anderson</u> in support of this conclusion. <u>See United States v. Smith</u>, No. 95-5462, slip op. at 2-3 (4th Cir. May 23, 1996) (per curiam) (unpublished).

8

court to depart from the sentencing range provided by the Sentencing Guidelines. Rather, § 3553(a) provides directions to sentencing courts for assigning sentences within the Guidelines' range. See Anderson, 82 F.3d at 441 ("given § 3553(b)'s express provision for going outside the `range' determined by application of the Guidelines, [§ 3553(a)] would seem presumptively directed to the court's exercise of its discretion within that range." (majority opinion) (emphasis in original)). In contrast to subsection (b)'s clear grant of authority to sentencing courts to deviate from the Guidelines in only specific circumstances, subsection (a) contains no affirmative grant of any such authority, and indeed requires the sentencing court to consider "the kinds of sentence and the sentencing range established" by the Guidelines. See 18 U.S.C. § 3553(a)(4) (1994).

Because 18 U.S.C. § 3553(a)(2) is strictly limited to sentencing decisions made within the Guidelines' range, there can be no conflict between it and U.S.S.G. § 5K2.0's commentary's requirement that sentencing courts not deviate from the Sentencing Guidelines' range in any but atypical circumstances. Because there was nothing atypical about this case, the district court erred in departing downward from the Sentencing Guidelines' range. Accordingly, we reverse, and direct the district court to impose a sentence within the mandated range of 292 to 365 months imprisonment.

III.

On cross-appeal, Banks contends that, because of the concerns raised in the Sentencing Commission's Special Report, the district court erred in concluding that there is a rational basis for the disparate treatment of crack cocaine offenders compared to powder cocaine users. In United States v. Hayden, 85 F.3d 153, 157-58 (4th Cir. 1996), we specifically rejected this precise argument. We stated:

> Congress could rationally have concluded that distribution of cocaine base [crack] is a greater menace to society than distribution of cocaine powder and warranted greater penalties because it is less expensive and, therefore, more accessible, because it is considered more addictive than cocaine powder and because it is specifically targeted toward youth. . . . A Sentencing Commission report does not change

9

our earlier holdings. Furthermore, Congress rejected the Sentencing Commission's report and recommendation and refused to change the disparity in crack cocaine versus powder cocaine sentences. Thus, we find the defendants' arguments as to the sentencing disparity without merit.

(quotations and citations omitted) (alterations in original). We affirm the district court's rejection of Banks's constitutional argument.

IV.

For the foregoing reasons, we reverse the district court's sentence and remand for resentencing consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

10