**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4851

GREGORY ALLEN MILTON, a/k/a G,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Samuel G. Wilson, Chief Judge.
(CR-95-74-H)

Argued: April 10, 1998

Decided: August 4, 1998

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Preston Baugh, Richmond, Virginia, for Appellant.
Anthony Paul Giorno, Assistant United States Attorney, Roanoke,
Virginia, for Appellee. **ON BRIEF:** Robert P. Crouch, Jr., United
States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

In this case a defendant challenges his Hobbs Act conviction on the basis that there was an insufficient nexus between his crime and interstate commerce to support federal jurisdiction. He also challenges his sentence as violative of the Fourteenth Amendment Equal Protection Clause.* Finding no error, we affirm.

I.

Gregory Milton had participated as a member of an interstate drug dealing conspiracy. He fell into argument over the amount Ian Byron-Cox, the leader of the conspiracy, should pay him for drug deliveries from New York to Virginia. Milton believed he was entitled to $2,000.00. Cox paid him only $300.00. As a result of the dispute, Milton was no longer used to make such deliveries.

Milton then decided to rob Cox to collect from him at least the $2,000.00 he believed was due. Breaking into Cox's home, he and an accomplice tied Cox up, beat him, threw him onto a bed and shot him to death. While beating him, Milton whispered to Cox sentiments like: "You remember me? You should have paid me my money."

Milton was tried and convicted of conspiracy to traffick in crack cocaine, 21 U.S.C. § 846, obstruction of interstate commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and use of a firearm to commit murder, 18 U.S.C. § 924(c). He was sentenced

_____

*As the sentence is a federal one, the Equal Protection Clause does not by its terms apply. But "[t]he Due Process Clause imposes on the Federal Government requirements comparable to those that the Equal Protection Clause of the Fourteenth Amendment imposes on the States." Regan v. Taxation with Representation, 461 U.S. 540, 542 n.2 (1983).

to concurrent life terms on the conspiracy and Hobbs Act convictions and a consecutive life term on the firearm charge; life imprisonment was mandatory for Milton pursuant to 18 U.S.C. 3559(c) ("three strikes and you're out"). Milton appeals his Hobbs Act conviction and drug conspiracy sentence.

II.

The Hobbs Act prohibits interference with interstate commerce by threats or violence:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). There are two essential elements of a Hobbs Act conviction: interference with interstate commerce, and a crime of robbery, extortion or violence. See United States v. Bailey, 990 F.2d 119, 125 (4th Cir. 1993) (quoting Stirone v. United States, 361 U.S. 212, 218 (1960)). In appealing his conviction, Milton does not challenge the sufficiency of the evidence that he committed a violent robbery. Rather he contends only that there was insufficient evidence that what occurred affected interstate commerce.

The Supreme Court has held that the Hobbs Act "manifest[s] a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence." Stirone, 361 U.S. at 215. Therefore, the jurisdictional predicate -- that the crime affects commerce --"is not to be narrowly construed nor is it `limited to conduct which directly and immediately obstructs a particular movement of goods in interstate commerce' but covers any [relevant crimes] which in any degree may reasonably be regarded as affecting commerce." United States v. Spagnolo, 546 F.2d 1117, 1118-19 (4th Cir. 1976) (quoting United States v. Pranno, 385 F.2d 387, 389 (7th Cir. 1967)) (footnotes omitted)."Proof of a reasonably probable effect on commerce, however[ ] minimal" is enough to

3

bring a crime within the jurisdiction of the Hobbs Act. Id. at 1119; see also United States v. Brantley, 777 F.2d 159, 162 (4th Cir. 1985); United States v. Billups, 692 F.2d 320, 331 n.7 (4th Cir. 1982) ("[E]ven a de minimis effect on commerce resulting from a Hobbs Act extortion is sufficient to bring the charged criminal activity within the statute.").

Milton attempts to rely on United States v. Lopez, 514 U.S. 549 (1995), and the Tenth Amendment to the Constitution, contending that if his murder and robbery of Cox is deemed to affect interstate commerce, then we will have "extend[ed] to the federal government that plenary police power which is denied by the constitution." Lopez taught that the Commerce Clause grants to Congress the power to regulate (1) the use of the channels of interstate commerce, (2) instrumentalities of or persons or things in interstate commerce, and (3) those activities that substantially affect interstate commerce. See id. at 558-59. But in discussing the "substantially affect" prong, the Lopez opinion distinguished those statutes, such as the Hobbs Act, which contain a jurisdictional element. See id.  at 561-62; United States v. Farrish, 122 F.3d 146, 149 (2d Cir. 1997), cert. denied, 118 S. Ct. 1056 (1998). Because such a statute requires with each invocation a showing of a specific effect on interstate commerce, albeit a minimal one, it is a valid exercise of Congress's power. See id.; United States v. Cobb, No. 96-4969, 1998 WL 246141, *2-*3 (4th Cir. May 18, 1998).

The Hobbs Act has just such a jurisdictional element. See Farrish, 122 F.3d at 149. It does not purport to cover all robberies or acts of violence, but only those that "obstruct[ ], delay[ ], or affect[ ] commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). It is therefore a valid exercise of Congress's authority to regulate commerce between the states.

And Milton's crime had far more than the minimal connection to interstate commerce required to invoke federal jurisdiction. The jury was presented with evidence that the robbery was connected to his role as an interstate drug courier and was motivated by his desire to collect an alleged debt arising from Milton's work in transporting drugs across state lines. Robbery and murder in an attempt to collect on a debt arising out of interstate commerce certainly "affects com-

4

merce" for the purposes of the Hobbs Act. Hence, there was a sufficient effect on interstate commerce to support a Hobbs Act prosecution.

III.

Milton has also asserted a supposed equal protection violation resulting from the disparity between the sentences authorized for violations involving crack cocaine and powder cocaine. However, that question has been disposed of in numerous cases within this circuit. See, e.g., United States v. Banks, 130 F.3d 621, 626 (4th Cir. 1997), cert. denied, 118 S. Ct. 1400 (1998); United States v. Hayden, 85 F.3d 153, 157-58 (4th Cir. 1996).

IV.

We accordingly conclude that the judgment must be

AFFIRMED.

5