UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

v.

DeSHAWN SANDERSON,

       *Defendant-Appellant.*

No. 01-4162

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-00-118)

Submitted: October 31, 2001

Decided: December 6, 2001

Before WILKINS, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Bruce C. Sams, SAMS & SCOTT, P.C., Norfolk, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Raymond E. Patricco, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

DeShawn Sanderson appeals his conviction and sentence entered after a jury trial for his possession of a firearm in violation of 18 U.S.C.A. § 922(g) (West 2000), and for maintaining a place for distribution and use of a controlled substance in violation of 21 U.S.C. § 856(a)(1) (1994). Sanderson, a previously convicted felon, was arrested and convicted after local authorities obtained and executed a search warrant for Sanderson's residence and discovered a shotgun, a quantity of marijuana, crack cocaine residue, and various paraphernalia. On appeal, Sanderson contends that the search warrant was invalid and that evidence gathered from its execution and later in the investigation should have been suppressed. Sanderson also claims that the district court erred in admitting evidence pertaining to his behavior prior to the offense conduct and suggests that the verdict was not supported by sufficient evidence. Sanderson also raises several issues regarding his sentencing. Finding no merit to any of his claims of error, we affirm Sanderson's conviction and sentence.

As a threshold matter, we have no difficulty concluding that the district court did not err in determining that the warrant was supported by a proper finding of probable cause. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). This conclusion forecloses the possibility that Sanderson's post-arrest statements could be considered the "fruit of the poisonous tree." *See Wong Sun v. United States*, 371 U.S. 471, 479-84 (1963); *see also Rawlings v. Kentucky*, 448 U.S. 98, 107 (1980). In addition, the court properly admitted Sanderson's statement regarding the location of the shotgun under the "public safety" exception to the requirement that a putative defendant be warned of his constitutional rights. *See New York v. Quarles*, 467 U.S. 649, 656 (1984). Neither did the court abuse its discretion in admitting evidence of Sanderson's actions prior to his arrest for these offenses. *See Cook v. American S.S. Co.*, 53 F.3d 733, 742 (6th Cir. 1995); *United States v. Mark*, 943 F.2d 444, 447 (4th Cir. 1991). The evidence of Sanderson's prior threatening behavior was relevant, necessary, and reliable. *United States v. Powers*, 59 F.3d 1460, 1464-65 (4th Cir. 1995).

Sanderson next contends that the Government's evidence was insufficient to support the jury's verdict. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of witnesses and assumes that the jury resolved all contradictions in the testimony for the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). Our review of trial transcript reveals that the evidence presented by the Government was sufficient to convince a reasonable trier of fact of Sanderson's guilt beyond a reasonable doubt of both possession of the shotgun and maintaining a place for the distribution and use of controlled substances.

Sanderson's claims of error at sentencing are similarly without merit. The district court calculated the amount of controlled substance used in determining the Base Offense Level based on trial testimony and committed no clear error in doing so. *United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994). Further, the district court did not err in finding that Sanderson's perjury at trial warranted the application of a two-level enhancement under USSG § 3C1.1. *United States v. Dunnigan*, 507 U.S. 87, 92-98 (1993). Finally, there is no merit to Sanderson's cursory claims that the district court erred in failing to depart downward based on either the drug amount or the disparate impact of crack as opposed to powder cocaine because there is no evidence that the district court mistakenly believed it lacked the authority to depart. *See United States v. Wilkinson*, 137 F.3d 214, 230 (4th Cir. 1998). In addition, the disparate sentencing argument concerning the form of cocaine and its racial implications has been uniformly rejected. *United States v. Banks*, 130 F.3d 621, 626 (4th Cir. 1997).\*

---

\*We have considered and rejected the possibility that Sanderson's conviction and sentence are affected by this court's recent decision in *United States v. Cotton*, 261 F.3d 397 (4th Cir. 2001), as suggested in Sanderson's pro se Fed. R. App. P. 28(j) letter.

Accordingly, Sanderson's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*