UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                    No. 01-4337

MARSHALL LEWIS KING,
        *Defendant-Appellant.*

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                    No. 01-4347

BRUNO LEWIS CRUTCHFIELD,
        *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-109)

Submitted: April 3, 2002

Decided: April 18, 2002

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew Patrick Geary, Richmond, Virginia; Michael M. Mor-
chower, MORCHOWER, LUXTON & WHALEY, Richmond, Vir-

ginia, for Appellants. Paul J. McNulty, United States Attorney, David T. Maguire, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In these consolidated appeals, Marshall Lewis King and Bruno Lewis Crutchfield appeal their convictions and sentences. The Appellants claim the evidence was insufficient to support their convictions, the district court erred by denying their motions for downward departure, and the court erred by adjusting the offense level and denying a request to reduce the offense levels. Finding no reversible error, we affirm.

We must affirm the convictions if there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdicts. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence is substantial, this Court inquires whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, the Court assumes the fact finder resolved all contradictions in the evidence in the Government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The fact finder, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994).

To prove conspiracy to possess cocaine base with intent to distribute, the Government must establish that: (1) an agreement to possess fifty grams of cocaine with intent to distribute existed between two

or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy. *Burgos*, 94 F.3d at 857; *see also United States v. Promise*, 255 F.3d 150, 156 (4th Cir. 2001) (drug quantity should be treated as an element of the offense) (en banc), *petition for cert. filed*, (Sept. 20, 2001) (No. 01-6398). "[A] conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement." *Burgos*, 94 F.3d at 857. A conspiracy may be proven entirely by circumstantial evidence. "Circumstantial evidence tending to prove a conspiracy may consist of a defendant's 'relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude [and] conduct, and the nature of the conspiracy.'" *Id.* at 858 (quoting *United States v. Collazo*, 732 F.2d 1200, 1205 (4th Cir. 1984)). We find there is sufficient evidence to support the conspiracy convictions. We also find there is sufficient evidence to support King's conviction for misprision of a felony.

We do not review the district court's discretionary decision not to grant the Appellants' motions for downward departure. *United States v. Edwards*, 188 F.3d 230, 238-39 (4th Cir. 1999). Furthermore, the court did not err by determining that certain departures were not warranted under the law. *See U.S. Sentencing Guidelines Manual* § 5K2.20 (2000); *United States v. Banks*, 130 F.3d 621, 625-26 (4th Cir. 1997); *United States v. Fonville*, 5 F.3d 781, 783 (4th Cir. 1993).

Finally, we find the district court did not clearly err in its decisions to adjust King's offense level for obstruction of justice and to deny King's motion to adjust the offense level for his role in the offense. We further find the court did not err by adjusting the offense level because the Appellants' abused their positions of trust.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*