UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

v.

MARSHALL LEWIS KING; BRUNO
LEWIS CRUTCHFIELD,
          *Defendants-Appellees.*

No. 02-4845

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-109)

Argued: June 6, 2003

Decided: July 25, 2003

Before WILKINS, Chief Judge, and WILLIAMS and
TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** John Staige Davis, IV, Assistant United States Attorney,
Richmond, Virginia, for Appellant. Matthew Patrick Geary, Rich-
mond, Virginia; Michael Morchower, Richmond, Virginia, for Appel-
lees. **ON BRIEF:** Paul J. McNulty, United States Attorney,
Richmond, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

In November 2000, Marshall King and Bruno Crutchfield were
convicted of drug conspiracy, and King was convicted of misprision
of a felony. In 2002, they filed a motion for a new trial, based on
newly discovered evidence that a leading witness had offered false
testimony and had suborned perjury. The court granted the motion
and the government appeals. We affirm.

### I.

King, a former Virginia state trooper, and Crutchfield, a former
Brodnax, Virginia, police officer, were charged in a multiple-count
indictment, including conspiracy to distribute cocaine base, mispri-
sion of a felony, and various other substantive offenses. The govern-
ment's belief was that the two had provided protection for a drug
operation run by King's nephew, Maurice Lewis. The government
called twenty-one witnesses, among them Lewis, Detrone Williams,
and Shawn Archie, whose testimony later became the focus of the
new trial motion. These three witnesses gave testimony that King and
Crutchfield had allowed Lewis to sell cocaine, accepted money from
Lewis, and warned Lewis about road blocks and about the identities
of informants and undercover officers. Further testimony was offered
that the two officers had traded crack cocaine for sex and that they
otherwise corruptly obtained cash and drugs from dealers in the area.
Based on this testimony, King and Crutchfield were convicted. On
appeal, this court affirmed both convictions, finding there was sub-
stantial evidence to support the verdicts. *See United States v. King*,
Nos. 01-4337 & 4347, 2002 WL 596389 (4th Cir. Apr. 18, 2002)
(unpublished).

In April 2002, King moved for a new trial based on evidence that
Lewis and Williams had perjured themselves. In his motion, King

alleged that two inmates who were not witnesses at trial, John Eric Hughes and Wayne Motley, had been housed with Lewis and Williams prior to trial and had signed affidavits in October 2001 indicating that Lewis and Williams had perpetrated a fraud on the court. As support, King produced a letter Hughes had sent to Hughes's trial judge in November 2000 to the effect that he knew King had been falsely accused. Crutchfield joined King's motion.

The district court conducted a hearing on the motion in July 2002. Hughes and Motley testified, as did Lewis and Williams. Hughes said that he became acquainted with Lewis in prison and that Lewis had suggested that he testify falsely about King so that Hughes could obtain a reduced sentence. Hughes also claimed Lewis told him he planned to lie at trial and accuse King of giving advance notice of raids and roadblocks, acting to supply Lewis with cocaine, and preventing Lewis's arrest. Motley testified that he also knew Lewis from prison and that Lewis had told him he planned to "set up" some officers. J.A. 226. For his part, Lewis admitted during the hearing that he knew Motley and Hughes, but denied having asked them or anyone else to lie. Williams gave essentially the same testimony.

Thereafter, the district court granted the motion for a new trial. The government moved the court to reconsider. More evidence came to light at the two-day hearing on the motion to reconsider. Another inmate, Isaac Davis, testified that Lewis had urged him to "jump on the bandwagon" in order to obtain a reduction in his sentence. J.A. 752. According to Davis, Lewis urged him to testify that King had been present at the sale of a kilogram of cocaine from Lewis to Davis. The defense also called Davis's brother who claimed to have overheard Lewis telling Isaac to earn a sentence reduction by "jump[ing] on the case." J.A. 808.

The defense then called Shawn Archie, but he exercised his Fifth Amendment rights and declined to testify. Instead, the court permitted Mary Freed, one of King's attorneys, to testify that Archie, who had shared a prison pod with Lewis and Williams as well as other trial witnesses, had told her that Lewis had coached witnesses before they took the stand. Freed also testified that Archie told her that investigators had promised to drop pending charges against him in exchange for his testimony and that they had "told [him] what they wanted

[him] to say." J.A. 988. In rebuttal, the government introduced evidence that Archie's initial interview (taken prior to his arrival at the prison where the alleged subornation by Lewis occurred) was consistent with his trial testimony.

Ultimately, the district judge denied the government's motion to reconsider, stating than in thirty years of practice and ten on the bench, he had never had "less confidence" in a verdict. J.A. 965. In a Memorandum Opinion setting forth the rationale for granting the new trial motion, the court discussed tests derived from two cases: *Mills v. United States*, 281 F.2d 736 (4th Cir. 1960), which focuses on new trials granted as a consequence of newly discovered evidence, and *Larrison v. United States*, 24 F.2d 82 (7th Cir. 1928), which applies in the context of witness recantations. Under *Mills*, a defendant must establish that (1) the evidence is newly discovered; (2) the defendant was diligent in seeking it; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) in a new trial, the new evidence would probably produce an acquittal. *See Mills*, 281 F.2d at 738. Under *Larrison*, a motion for new trial based on a witness's recantation is granted when the court is reasonably well satisfied that (1) the testimony given by a material witness is false; (2) without the testimony the jury might have reached a different conclusion; and (3) the defendant was taken by surprise by the false testimony and was unable to meet it or did not know of its falsity until after trial. *See Larrison*, 24 F.2d at 87-88. The district court determined that, applying either test, a new trial was warranted. This appeal followed.

## II.

We review the grant of a motion for a new trial for abuse of discretion. *United States v. Fulcher*, 250 F.3d 244, 249 (4th Cir. 2001). Under this standard, we "'may not substitute [our] judgment for that of the district court; rather, we must determine whether the court's exercise of discretion, considering the law and the facts, was arbitrary or capricious.'" *Id.* (quoting *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995)).

While contending that the court "failed to critically examine the thin and conflicting inmate accounts of perjury" that came to light

during the new trial motion hearings, the government admits that "the new evidence was disturbing, and merited careful scrutiny." Brief of Appellant at 30. The record reveals that the court *did* subject the new evidence to exceptionally careful scrutiny — entertaining three days of testimony related to the motion for a new trial, as well as supplemental briefs and arguments by counsel. We generally afford greatest deference to the court where determinations of witness credibility are concerned. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985) (noting the high standard of deference afforded by appellate courts to determinations of witness credibility). Where the fact-finding process has been so painstakingly undertaken and an opportunity for reconsideration granted, such deference is all the more appropriate.

As to the government's contention that the court employed the wrong legal standard in granting the motion for a new trial, we note that the court found that the evidence brought to light during the hearings met the requirements necessary to sustain the motion under either the new evidence standard of *Mills* or the recantation standard of *Larrison*. Based on our review of the record, we cannot dispute the court's finding, though we note in passing that *Mills* appears to supply the more appropriate standard because Archie did not make a formal recantation.

Finally, as to the government's arguments concerning the relative credibility of various witnesses and possible foul play by one of the defendants, we note that, should the government reinstitute proceedings against King and/or Crutchfield, both sides are free to raise and argue such issues to the extent the court sees fit to entertain them.

III.

For the reasons set forth above, we affirm.

*AFFIRMED*